## RAYNE *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 18, September Term, 1957.]

622

*Decided October 28, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus*. Petitioner was convicted by a jury in the Circuit Court for Worcester County of assault with intent to rape, and sentenced to life imprisonment. His contentions that he was arrested without a warrant and that there was insufficient evidence to convict cannot be raised on *habeas corpus,* as we have repeatedly held. His contention that the sentence was illegal is also without merit. As appears from the docket entries, the jury's verdict of guilty did not include the words "without capital punishment", and under Code (1951), Art. 27, sec. 14, the sentence was not illegal, even if we assume, without deciding, that the point could be raised on *habeas corpus.* The petitioner was not charged under section 558 of the Article. His contention that his court-appointed counsel did not properly represent him is likewise without merit. The allegations that his counsel advised him to take a court trial and to plead guilty do not charge misconduct, and in fact he pleaded not guilty and elected a jury trial. The allegation that his counsel was incompetent is unsupported by the record.

The petitioner alleges that he was arrested on May 11, 1954, four days after the alleged offense, and held incommunicado for a long period, during which he was questioned by the police and threatened with bodily injury. He also complains that he was taken to the home of the accusing witness, rather than placed in a police line-up. He also complains that he was never charged before a magistrate, but was sent to a mental hospital for examination and illegally

detained there until June 21, 1954. He alleges that he was not allowed to consult counsel during this whole period.

The allegations of long detention and threats by the police might be relevant on direct appeal as bearing upon the admissibility of a confession. Cf. *Fikes v. Alabama,* 352 U. S. 191, and cases cited. But it is not alleged or shown that any confession was made or offered in evidence in the case. Nor is it shown that there was any issue of identity in the case. The defense seems to have been simply that there was no assault. There was no contention that he was not in the company of the prosecuting witness at the time of the alleged offense. The docket entries show that on petition of the State, filed May 25, 1954, the court ordered a mental examination and report, which was received on June 25, 1954, and he was presented at that time. The true bill was filed by the grand jury on September 17, 1954, and counsel appointed at that time. Trial did not begin until October 18, 1954. Under the circumstances, we do not find that there was any violation of constitutional due process in the trial.

*Application denied, with costs.*