## RAYNE *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 16, September Term, 1960.]

*Decided November 21, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

On October 19, 1954, a jury in the Circuit Court for Worcester County found the petitioner guilty of assault with intent to rape, and he was sentenced by Judges Taylor and Duer to life imprisonment. In 1957, this Court denied his petition for leave to appeal from the denial of a writ of *habeas corpus. Rayne v. Warden,* 214 Md. 620, 135 A. 2d 621. *(Cert. denied,* 355 U. S. 963.) In February of 1960, he filed a petition for relief under the P.C.P.A. After a hearing, at which the petitioner was represented by court-appointed counsel, Chief Judge Henry dismissed the petition.

He now assigns eleven reasons as to why he claims that he thinks he is unlawfully imprisoned, but reasons number 2, 3, 4, 5, 7 and 10 entail matters that were heretofore adjudicated by this Court in his *habeas corpus* proceeding mentioned above; hence they will not be set forth in detail. His additional contentions are:

(1) That he was subjected to an illegal search and seizure in violation of the United States and Maryland Constitutions;

(6) That while he was in jail, no charge was placed against him;

(8) That his counsel denied him the right to testify in his own behalf at his trial;

(9) That the trial judge failed to inform him of his right to appeal; and

(11) That he, a Negro, was tried before an all-white jury.

Contention (1) is not available in a proceeding of this nature. *Mears v. Warden,* 220 Md. 682, 155 A. 2d 72.

Just what the petitioner claims under (6) is not perfectly clear. It seems, however, to be another attempt to raise a very similar question to one of those decided by us in his *habeas corpus* proceeding. The petitioner was arrested on May 11, 1954, and was thereafter confined pending a mental examination and report, which was received on June 25, 1954. He was presented at that time, and the grand jury filed a true bill against him on September 17, 1954, and he was tried in October, following. We held in the former proceeding that the petitioner had failed to show any violation of constitutional due process; and it is obvious that, if we assume, as he claims, that no formal charge was made against him until receipt of the report of his mental condition, this would not invalidate his conviction in October of 1954.

Contention (8) is likewise without merit. The bald allegation that petitioner was denied the right to testify in his own behalf by his counsel is insufficient to obtain relief under the P.C.P.A. *Barker v. Warden,* 208 Md. 662, 666, 119 A. 2d 710.

With regard to contention (9), the trial court is under no obligation to inform an accused of his right to a direct appeal. *Dorris v. Warden,* 222 Md. 586, 158 A. 2d 105.

This brings us to his final contention, number (11). The mere statement that a Negro has been tried by an all-white jury does not necessarily mean that the accused has been denied any rights—constitutional or otherwise. *Jackson v. Brady,* 133 F. 2d 476, *cert. denied* 319 U. S. 746. A challenge to an array of jurors, when properly made in the trial court, may be considered on direct appeal, *Lee v. State,* 163 Md. 56, 161 A. 284, but, if the question be not raised in the trial court, it is "waived in the proceedings resulting in the conviction," Code (1960 Cum. Supp.), Article 27, Section 645A (a), and is unavailable as a basis for relief under the P.C.P.A. *Galloway v. Warden,* 221 Md. 611.

*Application denied.*