## HALL *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 48, September Term, 1960.]

*Decided March 10, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

PER CURIAM.

Leonard Hall, Jr., applies for leave to appeal from the denial of his application for relief under the Uniform Post Conviction Procedure Act (the UPCPA) by the Circuit Court for Baltimore County (Raine, J.). Hall was tried in that Court in November, 1959, on a charge of murder. The jury found him guilty of murder in the first degree and he was sentenced to death. He appealed to this Court and the judgment was affirmed in *Hall v. State,* 223 Md. 158, 162 A. 2d 751.

In his amended application under the UPCPA Hall claims that his constitutional rights, both Federal and State, were violated in these ways: (a) that he was not afforded an adequate opportunity to testify in his own behalf; (b) that he was denied the right to counsel when questioned by police shortly after his arrest and gave a damaging statement, which was used against him and which could not have been obtained from him if he had then had counsel; and (c) that evidence obtained by an illegal search was used both to obtain damaging admissions from him and as evidence against him at his trial.

Contentions (b) and (c) are both matters which could have been raised at the original trial and on direct appeal. Contention (b) was involved in somewhat different form at the trial and on appeal in challenging the voluntary character of Hall's admissions. The fruits of the search now alleged to be illegal were admitted without any objection at the trial, nor was any question raised on the appeal as to the legality of the search or of the use of evidence obtained thereby. Contention (b), we think, was finally adjudicated on the prior appeal, and even if it were not, it was waived. Any challenge to the legality of the search and the use of the fruits thereof was waived by failure to raise the question either at the trial or on appeal. Neither of these contentions may properly be raised under the UPCPA, since they have been either finally adjudicated or waived in the proceedings resulting in the conviction. Code (1960 Cum. Supp.), Art. 27, Sec. 645 A (a); *Galloway v. Warden,* 221 Md. 611, 614, 157 A. 2d 284; *Jordan v. State,* 221 Md. 134, 156 A. 2d 453. See also *Rayne v. Warden,* 223 Md. 688, 690, 165 A. 2d 474; *Rice v. Warden,* 221 Md. 604, 156 A. 2d 632; *Mears v. Warden,* 220 Md. 682, 155 A. 2d 72; *Banks v. Warden,* 220 Md. 652, 151 A. 2d 897, holding that the illegality of a search and seizure may not be raised in Post Conviction proceedings. We do not express or imply any opinion as to the legality of the search and seizure here complained of.

Contention (a) is the main reliance of the applicant. He was represented at his trial and on appeal by counsel em-

ployed for him by his family. (His present counsel, appointed by the trial court in these proceedings, was not one of them.) Hall had expressed the wish to testify and up to a few minutes before the closing of the testimony had expected to do so. His senior trial counsel informed him about five minutes before the opening of the final session—and his junior counsel agreed—that he thought Hall should not take the stand. Hall had been called, but had not actually testified just before adjournment the night before. It is not wholly clear whether he did or did not acquiesce at the time in his counsel's decision not to put him on the stand. Whether he did or did not, it is clear that he made no objection to the court when his counsel announced that the defense rested. He says he did not realize that this meant that he could not testify.

Judge Raine analyzed the pros and cons of putting Hall on the stand in the light of what he said his testimony would have been and of the situation existing at the time of trial. He noted that, as a matter of hindsight, it could have done no harm, but pointed out some dangers. There is no suggestion that the decision of Hall's trial counsel was arrived at otherwise than in the exercise of their best judgment or that the State was a party to or in any way involved in their decision.

The question comes down, we think, to whether an alleged error in trial tactics by a defendant's own counsel amounts to a deprivation of due process of law under either the Fourteenth Amendment or the Constitution of this State. We are not prepared to say that the choice here in question was a bad one; but if we assume that it was, and if we further assume that Hall did not intend to acquiesce in it, his own counsel's decision not to call him as a witness involved no action by the State, and did not, in our opinion, amount to a violation of Hall's constitutional rights, and hence affords no ground for relief under the UPCPA. Even on direct appeal the trial tactics of counsel are not ordinarily reviewable by this Court. *Hardesty v. State,* 223 Md. 559, 563, 165 A. 2d 761; *Madison v. State,* 200 Md. 1, 87 A. 2d 593, and errors in trial tactics do not afford a basis for relief under

the UPCPA; *Rayne v. Warden, supra; Spencer v. Warden,* 222 Md. 582, 158 A. 2d 317; *Barker v. Warden,* 208 Md. 662, 666, 119 A. 2d 710 (a *habeas corpus* case); *Carroll v. Warden,* 201 Md. 647, 92 A. 2d 449, *cert. den.* 344 U. S. 910, (also a *habeas corpus* case). The applicant's contention would seem to lead logically to a retrial of every criminal case resulting in a conviction—some because the defendant (as here) did not testify in his own defense, others because he did so testify.

*Application denied.*