George Henry RAYNE

v.

WARDEN, MARYLAND PENI-
TENTIARY.

Civ. A. No. 13222.

United States District Court
D. Maryland,
Civil Division.

Oct. 18, 1961.

Daniel H. Honemann, Baltimore, Md., court appointed, for petitioner.

Thomas B. Finan, Atty. Gen., Robert F. Sweeney, Asst. Atty. Gen., for respondent.

CHESNUT, District Judge.

George Henry Rayne, a Maryland State prisoner, has filed a petition in this court for release on habeas corpus.

On September 15, 1954 he was indicted by the Grand Jury for Worcester County, Maryland, in three counts, one for assault with intent to murder, another for assault with intent to rape and a third, for assault, all upon one Mrs. Agnes Marie Disharoon. On arraignment that day the presiding Judge appointed Mr. Henry P. Walters, a competent member of the Bar, to defend Rayne. On October 18 and 19, 1954 he was tried before a jury which found him not guilty on the charge of assault with intent to murder, but guilty on the charge of assault with intent to rape. He was then sentenced to imprisonment for life in the Maryland Penitentiary. He did not appeal from the sentence, but in 1957 he filed a petition for release on habeas corpus before a Maryland State Judge, which was dismissed. He then applied to the Maryland Court of Appeals for leave to appeal from the order dismissing his petition,

and this was denied in an opinion of the Maryland Court of Appeals dated October 28, 1958 by Judge Henderson. 214 Md. 620, 135 A.2d 621, certiorari denied 355 U.S. 963, 78 S.Ct. 552, 2 L.Ed.2d 538. It will be noted from the opinion that many of the reasons assigned by the appellant were held not available under a writ of habeas corpus but could have been considered on direct appeal from the sentence.

After the passage of the Maryland Post Conviction Act of 1958 (Md. Code Supp.1957, Art. 27, § 645A et seq.) he filed a petition in the Circuit Court for Worcester County praying relief under the Act. He enumerated eleven separate reasons therefor constituting as a whole deprivation of constitutional rights of due process, resulting, as he claimed, in an erroneous and invalid sentence. His petition was heard by Chief Judge W. Laird Henry and denied, after hearing testimony of the petitioner and others, on May 9, 1960 in a written opinion now filed as an exhibit in the hearing in this federal court. A stenographic transcript of the proceedings at that hearing was filed by the petitioner here as an exhibit with his petition. I have read and considered that transcript.

After Judge Henry's dismissal of the post conviction petition Rayne, who had been represented by counsel appointed by the court for the hearing, filed with the Maryland Court of Appeals a petition for leave to appeal and this was considered and denied by the Court of Appeals on November 21, 1960 in an opinion by Judge Prescott. 223 Md. 688, 165 A.2d 474. Thereafter Rayne filed an application for certiorari in the Supreme Court of the United States, which was denied without opinion on March 20, 1961. 365 U.S. 854, 81 S.Ct. 820, 5 L.Ed.2d 818.

The petition in this court was filed August 9, 1961. It is a very lengthy document with numerous exhibits attached thereto, in which he in substance repeats most, if not all, of the eleven reasons assigned by him for reversal of the dismissal of his post conviction hearing by Judge Henry and which were separately considered and found insufficient for various reasons as stated in the opinion of Judge Prescott of the Maryland Court of Appeals. As these separately enumerated reasons, with the respective rulings thereon, are set out in Judge Prescott's opinion, I think it unnecessary here to re-state them except to the extent that some of the possibly more important of them are hereafter noted. On reading and considering the petition filed in this court I ordered the respondent to show cause why the writ of habeas corpus should not be issued. The Attorney General of Maryland, through Mr. Sweeney, Assistant Attorney General, promptly filed an answer which, while not agreeing to the issuance of the writ, made no objection to a hearing in this court. Accordingly I appointed Mr. Daniel H. Honemann, a competent Baltimore attorney and formerly an Assistant United States Attorney for this District having familiarity with criminal law procedure, to represent the petitioner at the hearing here. And at that hearing several witnesses were summoned and testified, including particularly Sgt. Elwood Stacey, a Maryland State Trooper, who arrested Rayne in 1954, the Honorable John L. Sanford who in 1954 was State's Attorney for Worcester County, Mr. Henry P. Walters, the attorney appointed by the court to defend Rayne at his trial, and the petitioner Rayne. After the introduction of all the evidence produced by the parties, arguments by counsel on the legal aspects of the matter were heard and the matter is now submitted for decision. The substance of the testimony heard in this court developed the following facts:

On May 9, 1954 Mrs. Disharoon complained to Sgt. Stacey that shortly theretofore while driving her automobile which had become disabled at a very early hour in the morning on a roadway, she had been assaulted by a colored man driving an automobile of a certain described make. She gave the officer some description of the particular car and of her alleged assailant. The officer examined the precise place where the al-

leged assault had occurred and observed certain particular and rather peculiar tire marks said to have been made by the defendant's automobile. The officer then made further inquiries with regard to the probable ownership of the car described and on learning that the defendant Rayne may have been its owner, he proceeded to Rayne's house and interviewed Rayne and after obtaining the latter's consent, examined particularly the tire treads of his automobile and the condition of his hands, especially the knuckles thereof, and also with his consent, examined Rayne's clothing. The examination then made by the officer furnished apparently reasonable and probable cause for an arrest which he then at once made. As the charge made against the defendant consisted of a Maryland statutory felony, no prior warrant therefor was required under the Maryland law of arrest. Sgt. Stacey then took the defendant to the presence of the prosecuting witness and after her alleged identification, at once thereafter took the defendant to the office of the State's Attorney. According to Mr. Sanford's testimony, the defendant made a statement after being fully advised of his constitutional rights in the matter. This statement was stenographically reported by Mr. Sanford's secretary and reduced to writing and signed by the petitioner, and has been filed as an exhibit at the hearing in this case. In short effect, in the defendant's statement as to the occurrence, he denied that he had assaulted Mrs. Disharoon but that she herself had assaulted him. The defendant was then lodged in the jail at Salisbury, Maryland, in Somerset County. Later a warrant was in fact issued for the defendant but he was not thereafter presented before a magistrate for a hearing. However, promptly thereafter on motion made in court in Worcester County, the defendant was sent to Crownsville Hospital for a mental examination, which was reported to the court in due course thereafter. At that time there was no Grand Jury available for immediate consideration of the charge against the defendant and he was kept in jail until the convening of the next Grand Jury for the County in September 1954. The defendant says he was kept incommunicado during this time but it does not appear that he made any personal application for an earlier disposition of his case. As previously stated, he was indicted on September 15, 1954 and Mr. Walters was appointed as counsel to represent him. The trial of his case came on before the next available petit jury session on October 18 and 19, 1954.

On consideration of the whole of the proceedings in this habeas corpus case and including particularly the evidence adduced at the hearing in this court, I conclude that the petition for habeas corpus must be and is hereby dismissed and the petitioner remanded to the custody of the respondent.

It will be noted from the opinions of the Maryland Courts that most of the eleven separately stated reasons advanced by the petitioner and considered by the Maryland Court of Appeals in Judge Prescott's opinion in 223 Md. 688, 165 A.2d 474, and now here in substance repeated by the petitioner, are legally unavailable to him largely by reason of his failure to appeal from the original trial and sentence. At the conclusion of the hearing in this court counsel for the petitioner urged that while many, if not all, of these reasons separately considered are not available in this habeas corpus proceeding in this court, nevertheless looking at the "totality" of the alleged irregularities they constitute in effect a denial of due process under the federal · 14th Amendment.

█ The effect of the failure of a State prisoner to take an original appeal after his trial and conviction has been recently quite fully considered and stated by the opinion of Chief Judge Sobeloff of the Court of Appeals for the 4th Circuit, in the case of Whitley v. Steiner, 1961, 293 F.2d 895, 896, in relation to what is there called "An Abortive State Proceeding". It is pointed out that under the present state of the law as to habeas

corpus in the federal courts the District Court is not at liberty to re-try the State trial of a case and that with certain exceptions, as noted in the opinion, errors in the trial which might have been corrected on direct appeal are not available to the petitioner for habeas corpus in this court. It is not clear to me that any of the complaints relied on by the petitioner fall within the exceptions mentioned in the Whitley case, supra; but if any of them do, I think they are shown to have been without merit as a result of the hearing in this present case, and the findings of fact hereinafter made with regard to several of the petitioner's complaints as to lack of due process. I am in agreement with the opinions of the Maryland Court of Appeals in the respective habeas corpus and post conviction cases as stated by Judges Henderson and Prescott respectively; but in addition thereto I note that as a result of the hearing in this court the factual grounds of the alleged error, omission and irregularity relied on by the petitioner here are not substantiated by the testimony in this court. I will comment on the seemingly more important ones separately.

■■ The petitioner complains that he was arrested without a warrant and not upon reasonable suspicion. I find from the evidence here that as the offense charged was a statutory felony Sgt. Stacey was acting on justifiable grounds in making the arrest when he did, and it appears that subsequently a warrant for arrest was also issued although not legally necessary. The usual procedure of taking a defendant promptly before a committing magistrate was evidently not regarded as necessary in this case by the State's Attorney. While it is a very desirable practice to take a defendant promptly before a committing magistrate, it is clear enough under the Maryland law that the case may directly be taken to the Grand Jury without intervention of a preliminary hearing before a magistrate; and the failure of the State authorities to take the defendant before a magistrate does not constitute lack of due process.

■ The petitioner also complains of an alleged unreasonable search and seizure by Sgt. Stacey preceding his arrest. As to this, I find by the weight of the evidence in the hearing here that the search referred to was done by the express and voluntary consent of the petitioner. It is not clear what, if anything, resulting from the search and seizure was offered in evidence at the trial; but if there was error in admitting any part of it, that error could be corrected only by a direct appeal in the case and is not available on habeas corpus in the absence of such an appeal.

■ As to the defendant's complaint that he was "prevented" from taking an appeal, I find from the testimony here that this contention is without legal merit. The petitioner's own statement in support of his bald assertion is that he did not take an appeal because no one told him that he had the right to do so. As pointed out in the opinion of Judge Prescott, there is no legal duty under the Maryland criminal law for State authorities to advise or inform a defendant of this right. It is a right and privilege to him to take an appeal but if he does not do so, his failure to have been affirmatively advised of the right does not constitute a lack of due process. In this connection, reference should be made to the testimony of Mr. Walters as a witness in this case. He said that while it had generally been his custom to advise clients in criminal cases of their right to appeal, he was unable to affirmatively state in this case, after a lapse of seven years, whether or not he had so advised Rayne. But it does not appear that Rayne ever affirmatively asked Mr. Walters to take an appeal. Walters also said that after the trial he explained to Rayne that as he, Walters, had been appointed as counsel only to try the case, his duties were ended when the trial was concluded and that if Rayne had asked him about an appeal, there was no reason why he, Walters, would not have told him that he had the right to appeal.

Rayne contends that the statement made by him to State's Attorney Sanford was coerced and not voluntary and that he, Rayne, had not been advised of his right not to answer questions. However, I find from Mr. Sanford's testimony and indeed from the very document itself of his examination, that he was clearly and definitely advised of his absolute right not to answer any questions. And I also find from Mr. Sanford's testimony that there was no coercion or undue influence in any way exercised against or affecting Rayne during the whole of the examination, which was stenographically reported and transcribed and is an exhibit in this case, which speaks for itself. It appears that the defendant's statement was offered in evidence at the trial of his case but after consultation of counsel at the Bench, it was not objected to by Mr. Walters possibly because on the whole it was not considered that it contained any prejudicial admission of guilt by the defendant.

Rayne also complains that he was not permitted to testify in his own defense at his trial. I find this is not a fact. Whether he should testify or not in his case was a matter which he and Mr. Walters discussed. Mr. Walters seemingly advised against his testifying because it was known that Rayne had been convicted of a somewhat similar offense of assault in Delaware theretofore and that this was known to the State's Attorney and it was feared that his testimony would be largely damaged by his necessary admission of that fact. And there was also a feeling that the defendant would not be able to effectively combat cross-examination by the State's Attorney.

Rayne also complains that the jury which convicted him, a Negro, of assault on a white woman, consisted of twelve white men and no Negroes. However, there was no objection made to the jury as selected by challenge to the array or otherwise. And there is nothing in this case to suggest that the jury had been improperly selected. According to Mr. Sanford's testimony there was at least one Negro on the jury panel although it appears not actually selected for service in the particular case.

One of the petitioner's contentions at one time was that his sentence was illegal. However this is clearly and correctly answered by the opinion of Judge Henderson. 214 Md. 620, 135 A.2d 621. See Md.Code 1951, Art. 27, § 14, now Md. Code 1957, Art. 27, § 12.

■ There remains only for consideration the main contention of counsel for the petitioner here. It is that while one or several of the complaints as to irregularity or error now complained of may not be sufficient singly to grant the writ, nevertheless looking at the case as a whole, that is in its "totality" of the alleged irregularities, it ought to be considered that the defendant did not have a constitutionally fair trial. I cannot accept this view of the matter. I think enough has been said to show that so far as constitutional requirements as to due process are concerned, there was a legally fair trial of the defendant. Whether the verdict of the jury was right or wrong depended upon the evidence submitted to them. This court cannot re-try the case in a habeas corpus proceeding. If there was substantial and prejudicial error in the trial of the case, it could have been corrected by a direct appeal which the defendant did not take and which he was not in any way legally prevented from taking if he had insisted on his right in that respect.

For these reasons I conclude that the petition for habeas corpus filed in this case must be and is hereby *dismissed* this 18th day of October, 1961, and the petitioner is remanded to the custody of the respondent.

The Clerk is instructed to send a copy of this opinion to the petitioner.