Richard Samuel WILLIAMS

v.

William F. STEINER, Warden, Maryland House of Correction.

Civ. No. 14028.

United States District Court
D. Maryland.

Feb. 7, 1963.

Richard Samuel Williams, pro se.

THOMSEN, Chief Judge.

On October 13, 1961, petitioner, represented by counsel of his own choosing, :after electing a court trial, was tried by the Circuit Court for Queen Anne's ·County and found guilty of unlawfully 'breaking and stealing goods of the val-

ue of $5.00. On the same day petitioner was sentenced to the Maryland Penitentiary for the period of four years, commencing May 12, 1961.

On January 30, 1962, petitioner, represented by court-appointed counsel, filed an application for relief under Article 27, section 645A et seq., of the Maryland Code (Uniform Post Conviction Procedure Act), in which he raised the issue of his alleged illegal arrest and subsequent search and seizure, which his counsel had raised at the original trial. He also complained of various matters which cannot be the basis for post conviction relief in the state or federal courts, but made no claim that his conviction was based upon perjured testimony or that his sentence was in violation of the statutory maximum.

On February 26, 1962, Judge J. DeWeese Carter, sitting in the Circuit Court for Queen Anne's County, denied the petition for relief under the UPCPA, saying with respect to the issue of alleged illegal arrest and search and seizure: "Now in respect to the claim that evidence was illegally obtained by unlawful search and seizure and improperly admitted in evidence, and that the evidence was legally insufficient to justify a conviction, those are matters that could have been raised by appeal to the Court of Appeals from his conviction He had an attorney of his own choice and he did not see fit to appeal the case. Now this is not a substitute for an appeal. The Court of Appeals has said that many times. This is only, supposedly, a substitute for a writ of habeas corpus." An application for leave to appeal to the Court of Appeals of Maryland from the decision of Judge Carter was denied for the reasons stated by Judge Carter. Williams v. Warden, 228 Md. 663, 180 A. 2d 878.

In his present petition, Williams alleges: (a) that at the time of his trial evidence which was the result of an illegal arrest and subsequent search and seizure was used against him; (b) that he was not granted a speedy trial; (c) that perjured testimony was knowingly

used against him; and (d) that his sentence is in violation of the statutory maximum. With respect to allegation (c), the basis for petitioner's contention seems to be that certain of the State's witnesses changed their testimony when cross-examined.

The petition must be denied because petitioner has either waived or forfeited his right to raise the points or has failed to exhaust his State remedies with respect thereto.

■■ (a) The case was tried after the decision of the Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and petitioner alleges that the Mapp decision was called to the attention of the trial judge by his counsel. Whatever the ruling of the trial judge may have been with respect thereto, petitioner's remedy for any erroneous ruling was by direct appeal to the Court of Appeals of Maryland. He was represented by counsel of his own choosing, but did not enter such an appeal. As the Maryland courts have held[1], he thereby waived his rights, and the case does not come within any of the exceptions listed in Whitley v. Steiner, 4 Cir., 293 F.2d 895.

■■ (b) Petitioner does not state how the alleged denial of a speedy trial operated to his prejudice. It does not appear that he asked for an earlier trial. It would seem, therefore, that petitioner has waived his right to raise the question.

■ (c) Petitioner has failed to exhaust his State remedies with respect to this matter. He did not raise the question in his post conviction proceeding.

■ (d) It also appears that petitioner has not exhausted his State remedies with respect to this point. His complaint seems to be that he was tried and sentenced under Article 27, section 33 of the Annotated Code of Maryland rather than Article 27, section 342,

which does not permit so long a sentence. The proper construction of these statutes is admittedly troublesome, but it is a matter of State law and no Federal constitutional right has been shown to have been violated.

The petition for writ of habeas corpus is hereby denied.

The Clerk is instructed to send a copy of this memorandum opinion and order to the petitioner and to the Attorney General of the State of Maryland.

---

[1]. Shorey v. State, 227 Md. 385, 389, 177 A.2d 245, and cases cited therein. See also Hall v. Warden, 224 Md. 662, 664, 168 A.2d 373, and cases cited therein.