**John YOUNG, Petitioner,**

v.

**Vernon L. PEPERSACK, Warden, Maryland Penitentiary, Respondent.**

**Civ. No. 14399.**

United States District Court
D. Maryland.

Feb. 7, 1963.

John Young, pro se.

THOMSEN, Chief Judge.

Petitioner was convicted of armed robbery by a jury in the Criminal Court of Baltimore City on October 25, 1957, and was sentenced to twenty years in the Maryland Penitentiary. No appeal was taken from the conviction.

A petition for a writ of habeas corpus was denied by Judge Raine, in the Circuit Court for Baltimore County, in 1958, and an application for leave to appeal from that decision was denied by the Court of Appeals of Maryland, Young v. Warden, 218 Md. 636, 145 A.2d 238, in a full opinion which disposes of a number of contentions, including arguments that petitioner was denied due process of law and an impartial trial. Certiorari was not requested.

A later petition under the Uniform Post Conviction Procedure Act, Article 27, Annotated Code of Maryland, Sections 645A–645J (UPCPA), raising, inter alia, use of alleged perjured testimony and improper representation by counsel, was denied by Judge Oppenheimer, in the Criminal Court of Baltimore City, in a careful opinion filed on November 25, 1959. No application for leave to appeal therefrom was filed.

In neither of those petitions did Young raise any question of illegal search and seizure.

In his present petition filed in this Court, Young (A) renews his contentions that he was denied due process of law and was denied a fair and impartial trial,

and (B) raises for the first time a contention that he was the victim of an illegal search and seizure of evidence which was used against him at his trial. He states that he has included the latter point because of the recent decision of the Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

(A) Aside from the question of the alleged illegal search and seizure, the allegations in support of the claimed denial of due process and an impartial trial do not show any violation of petitioner's constitutional rights. Moreover, many of the arguments were fully and fairly considered by the State Courts in ruling on the habeas corpus petition referred to above; the others were not raised in the State Court proceedings, and the right to raise them has been waived or forfeited under both State and Fourth Circuit decisions. Hall v. Warden, 224 Md. 662, 168 A.2d 373; and cases cited therein; Whitley v. Steiner, 4 Cir., 293 F.2d 895. With respect to these points, the case does not come within any of the exceptions listed in Whitley v. Steiner.

(B) With respect to the search and seizure point, it should be noted that the trial in the State Court was held several years before the decision of the Supreme Court in Mapp v. Ohio; the habeas corpus and UPCPA petitions in the State Courts were also filed and disposed of before that decision.

However, the Fourth Circuit has recently decided, Hall v. Warden, 313 F.2d 483, that the decision of Mapp v. Ohio is retroactive and applies to the Hall case despite the fact that the judgment of conviction therein had become final before Mapp v. Ohio was decided. The Fourth Circuit also held that Hall did not waive or forfeit his right to raise the question of an illegal search and seizure by failing to raise the point at his trial or on appeal in the State Court. This Court is advised that the State plans to seek a writ of certiorari from the Supreme Court of the United States in the Hall case.

The Fourth Circuit's opinion in the Hall case mentioned the death sentence in that case as a factor which had been considered in its decision, but this Court cannot construe the opinion to indicate that the ruling was intended to be limited to cases in which a death sentence has been imposed. It appears that the Fourth Circuit has ruled that any prisoner in a Maryland institution who was convicted before the decision of Mapp v. Ohio may now raise the question of illegal search and seizure in the District Court, although the point was not raised at his trial.

So construed, the decision of the Fourth Circuit on the waiver issue is in conflict with the decisions of the Court of Appeals of Maryland in Hall v. Warden, 224 Md. 622, 168 A.2d 373; Trader v. Warden, 226 Md. 672, 174 A.2d 439, and Shorey v. State, 227 Md. 385, 389, 177 A.2d 245. It presents this District Court with a most serious problem.[1] The Maryland Court has not yet expressly ruled on the retroactivity question.

Under these circumstances, this Court concludes that before it takes any further action on the pending petition, petitioner should be required to file a new petition in the State Courts under the UPCPA raising the search and seizure point. The State Courts will then have an opportunity to consider both the retroactivity question and the waiver question in the light of the Fourth Circuit decision in Hall v. Warden and whatever action the Supreme Court may take on the writ of certiorari which is being requested.

The present petition for a writ of habeas corpus will be denied at this time, without prejudice to petitioner's right to file another petition herein later.

### ORDER

Leave to file in forma pauperis is hereby granted.

The petition for writ of habeas corpus is hereby denied.

---

[1]. See Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv.L.R. 441.