## CHEESEBORO *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 58, September Term, 1960.]

*Decided March 7, 1961.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney and Marbury, JJ.

Per Curiam.

In his petition for post conviction relief, the petitioner alleged numerous reasons—including one to the effect that the trial court erred when it received into evidence a "coerced, false and involuntary" confession—he claimed entitled him to post conviction relief. None had substance in that all of them concerned matters involving procedural irregularities, incompetency of trial counsel and the weight and sufficiency of the evidence which cannot be raised in a post conviction proceeding. Sodaro, J., who heard the petition, correctly concluded that the petitioner was "merely attempting to have a collateral proceeding serve as a motion for a new trial or as an appeal," and dismissed the petition.

In this application for leave to appeal, the applicant, in addition to renewing only one of the original contentions, (i) that he was convicted on a "coerced" confession, now contends for the first time (ii) that he has additional evidence to support his original petition which he was precluded from presenting at the hearing because he was not present; (iii) that though he requested trial counsel to file a motion for a new trial or to take an appeal after his conviction, the attorney failed to do so; and (iv) that though he had requested the trial judge (by a letter) before he was sentenced to enter an appeal for him, no appeal was entered.

662

Contentions (ii), (iii) and (iv), which were made for the first time in this Court, even if they had substance, are not properly before us and will not be considered. *Chislom v. Warden,* 223 Md. 681, 164 A. 2d 912 (1960). With respect to contention (ii), we repeat what has often been said before that the presence of the petitioner at the post conviction hearing, though discretionary with the court, is not required. *Henson v. Warden,* 223 Md. 674, 164 A. 2d 273 (1960). As to the only question properly before us, the answer is that the involuntary character of a confession may be raised on an appeal, but not in a collateral proceeding. *Whitley v. Warden,* 222 Md. 608, 158 A. 2d 905 (1960).

*Application denied.*