**William RALPH**

v.

**Vernon PEPERSACK, Warden, Maryland State Penitentiary.**

**Civ. No. 13693.**

United States District Court
D. Maryland.
April 13, 1962.

Edward L. Genn, Silver Spring, Md., and Lawrence Speiser, Washington, D. C., for petitioner.

Thomas B. Finan, Atty. Gen., of Maryland, and Robert F. Sweeney, Asst. Atty. Gen., Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

The Attorney General of Maryland, representing respondent, seeks dismissal of this petition for a writ of habeas corpus on the ground that the petition is premature in that petitioner has not exhausted his State remedies, particularly those under the Uniform Post Conviction Procedure Act (UPCPA), Md.Code, Art. 27, sec. 645A–645J. On the other hand, counsel for petitioner argues that the Maryland courts have construed the UPCPA so narrowly that it is not really an available, effective remedy in this case.

Petitioner was convicted of rape and sentenced to death by three judges, sitting without a jury, in the Circuit Court for Montgomery County, on June 18, 1961. On appeal from that conviction he argued one proposition—"that the extra-judicial confession admitted in evidence over objection was not his free and voluntary act (i) because he had been questioned over a long period of time; (ii) because the confession was procured as the result of an inducement; and (iii) because the confession had been obtained as the result of physical violence on the part of the police." Ralph v. State, 226 Md. 480, 484, 174 A.2d 163, 165. The Court of Appeals considered each of these points, decided them against the defendant, and affirmed the judgment. The Supreme Court denied certiorari. Ralph v. Maryland, 369 U.S. 813, 82 S.Ct. 689.

Petitioner promptly filed the pending petition in this court, contending, upon facts alleged in the petition, that:

"a) The said confession was obtained by Federal officers, subject to Federal law, in violation of such law and the Federal Rules of Criminal Procedure, the said confession being the result of improper conduct by and a working arrangement between the said Federal officers and the State Police Officers for the State of Maryland, all in violation of your petitioner's constitutional rights under the due process clause of the Fifth Amendment.

"b) The said confession extracted from your petitioner was as a result of improper actions of the Federal officers involved and was involuntary and was obtained in violation of your petitioner's constitutional rights under the due process clause of the Fifth Amendment.

"c) The said restraint and detention is further unlawful in that evidence, including a confession, was obtained as a result of an illegal arrest, search and seizure, all in violation of your petitioner's constitutional rights under the Fourth and Fifth Amendments.

"d) Said detention and restraint is further unlawful in that your petitioner is now informed and verily believes that the items of evidence introduced at trial, particularly certain articles of clothing, were not obtained from petitioner's automobile, as the officers stated, but were obtained at his home in violation of your petitioner's constitutional rights under the Fourth Amendment, and the false testimony with respect to which, deprived petitioner of a fair trial in further violation of his constitutional rights under the Fifth Amendment.

"e) The said restraint and detention is further unlawful, in that as a result of an unreasonable and unnecessary delay by Federal police officials in bringing petitioner before a committing Magistrate, Judge, or Commissioner to be advised of his rights and the charges against him, a confession was extracted from your petitioner in violation of his constitutional rights under the Fifth and Sixth Amendments and under Rule 5(a) of the Federal Rules of Criminal Procedure [18 U.S.C.A.]."

At the oral argument on respondent's motion to dismiss, counsel for petitioner stated (1) that petitioner is relying on his rights under the Fourteenth Amendment and on the Fourth and Fifth

Amendments as incorporated in the Fourteenth; (2) that he is relying in part upon what he calls the "reverse silver platter doctrine", really the rule in Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233; (3) that he did not intend to argue under d), supra, that the State's Attorney knowingly offered any false testimony, and (4) that his principal contention under e) is that the alleged violation of the rule in Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479, by the Federal officers prevents the use of the confession obtained by them, not that the Mallory rule is directly applicable to State proceedings.

Counsel for petitioner contends that the Court of Appeals of Maryland has held in a series of cases that points similar to those upon which he relies cannot be raised in UPCPA proceedings, but only on direct appeal; that if they are raised and fully considered on the original appeal they cannot be raised again; and that if they are not so raised they are waived. Cheeseboro v. Warden, 224 Md. 660, 168 A.2d 181; Hall v. Warden, 224 Md. 662, 168 A.2d 373; Roberts v. Warden, 223 Md. 638, 161 A.2d 456; Jordan v. State, 221 Md. 134, 156 A.2d 453; Whitley v. Warden, 222 Md. 608, 158 A.2d 905. Cf. Warrington v. Warden, 222 Md. 601, 159 A.2d 360; Brady v. State, 226 Md. 422, 174 A.2d 167. He suggests that only in exceptional cases, involving matters outside the record, as where guilty pleas have been obtained by deception, evidence has been withheld by the State, or counsel has failed to represent a defendant properly, is there any hope of persuading the Maryland courts to consider a UPCPA proceeding on the merits. He earnestly argues that the UPCPA proceeding is not an available, effective remedy within the meaning of Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and that it is futile to require petitioner to file such a proceeding.

■ It is true that a UPCPA proceeding is usually ineffective to secure a consideration by the Maryland State courts of the constitutional issues typically raised by petitions filed in this court seeking a writ of habeas corpus. See Whitley v. Steiner, 4 Cir., 293 F.2d 895; Clark v. Warden, 4 Cir., 293 F.2d 479. This court, however, is most reluctant to pass on the constitutionality of the rulings of the State courts until the State courts themselves have at least had an opportunity to review them. It is not necessary in this case to decide how long we should continue to require obviously futile procedures, because the questions raised by the petition in this case are unusual in a number of respects.

Petitioner is still relying upon his contention that the confession should not have been admitted in evidence against him. That general proposition was presented to and considered by the Court of Appeals of Maryland on appeal from the conviction, 226 Md. 480, 174 A.2d 163; but the arguments which are made in support of that proposition in the pending petition are different from those presented in the brief filed with the Court of Appeals and discussed by that Court in its opinion. For example, Rea v. United States was not cited, and the possibility that federal officers being involved might affect the decision was not discussed. Nor was the impact of Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed. 2d 760, on the test of voluntariness either cited or discussed, nor other special considerations referred to in paragraphs a) to e) of the petition, quoted above. I intimate no opinion with respect to any of these points, beyond saying that it is impossible to be sure that the Maryland courts would hold that all of those questions have been fully considered or waived.

■ This court is firmly opposed to unnecessary delay, especially in death cases. Nevertheless, under the circumstances obtaining here, it is clearly the duty of this court to withhold action until petitioner shall have exhausted his State remedies. 28 U.S.C.A. § 2254.

*Order*

■ This court hereby continues in effect for twenty days from the date of

this order the stay of execution heretofore granted, so that petitioner may file in the appropriate State court a proceeding under the UPCPA. If such a petition is filed, this court will stay all further proceedings herein, and will continue the stay of execution until further order of the court. If petitioner does not file such a proceeding within twenty days, this court will deny the writ, dismiss the petition, and release the stay.