## DAVIS *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 21, September Term, 1963.]

*Decided November 18, 1963.*

Before the full Court.

HENDERSON, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post conviction relief, the petitioner raised ten points below, which were discussed in an opinion by Judge Sodaro. The first contention was that the petitioner was convicted on evidence obtained as a result of an illegal search and seizure, and Judge Sodaro stated that the objection could not be raised in a post conviction proceeding. That statement would appear to be too broad in the light of *Mapp v. Ohio,* 367 U. S. 643, because a claim of a violation of procedural due process would seem to be open under Code (1963 Supp.), Art. 27, sec. 645A (a). That same section adds a proviso, however, that "the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction * * *." In the instant case we heard and decided a direct appeal in *Davis v. State,* 225 Md. 45. No question of illegal search was there raised, although the admissibility of certain bullets found in Davis' pocket was challenged. We found no error. These bullets, together with a large amount of paper money and checks, later identified as belonging to the owner of the drug store who was robbed, were found on Davis when he was arrested and searched near the scene of the robbery. Although the fact that Davis' appeal was held prior to the decision in *Mapp* may have some relevancy (see *Hall v. Warden, Maryland Penitentiary,* 313 F. 2d 483 (C.A.4th), *cert. denied,* 374 U. S. 809 (1963)), failure to raise or press an objection may still constitute a

672

waiver, in our view. See *Ralph v. Warden*, 230 Md. 616, and cases cited.

But if we assume, without deciding, that the point was not finally litigated or waived, the record seems clear that there was no illegal search and seizure in the instant case. Davis and Tiller were observed by Officer Cooper and another officer near the scene of the robbery of Levine's Pharmacy a few minutes after the robbery. At that time Cooper was driving to the pharmacy in a patrol car, to assist other officers who had been ordered to the scene by a police broadcast of the robbery put on the air as soon as the robbers left the store. There was testimony by the proprietor that he informed the police of the robbery prior to the broadcast. Davis and Tiller ran into an alley where they were arrested and searched. Under the circumstances, we think there was probable cause for the arrest, and the search incident thereto was not unreasonable. Davis and Tiller both admitted that they had been look-outs for two other men who actually staged the hold-up, according to the police. However, Davis, on the stand at the trial, testified that he found the money on the street.

The petitioner also claimed that he was the victim of a coerced confession, but there is no support for this claim in the record. Nor is there any basis in fact for his claim that the testimony of Officer Cooper was perjured and known to be perjured by the State's Attorney. We think the other seven points raised were adequately disposed of by Judge Sodaro.

*Application denied.*