## BUCHOLTZ *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 69, September Term, 1963.]

*Decided December 12, 1963.*

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

On May 19, 1961, the applicant for leave to appeal, James D. Bucholtz, pleaded guilty to two indictments charging burglary and, on that same date, was sentenced to eight years in the Marylnd Penitentiary by Judge Carter, sitting in the Criminal Court of Baltimore. No appeal was taken.

On February 20, 1963, Bucholtz filed a petition for a writ of habeas corpus in the Criminal Court of Baltimore and Judge Foster wrote him, explaining that it would be to applicant's advantage to authorize the court to proceed under the Uniform Post Conviction Procedure Act. Bucholtz immediately assented to the suggestion.

Judge Shirley Jones, having appointed counsel to represent the applicant and conducted a hearing at which Bucholtz was present, wrote a memorandum denying the petition.

Bucholtz below assigned three grounds for relief, *viz.*: (1)

he was the victim of an arrest not predicated upon probable cause and a subsequent illegal search of his person and apartment during which there was seized incriminating evidence; (2) his court-appointed counsel at trial was incompetent in that he did not challenge the validity of the search and seizure, and entered the guilty plea in spite of applicant's objections; and (3) the State failed to provide him with counsel before his preliminary hearing, at a time when he signed a confession which was induced, he said, by his being confronted with the evidence taken by the police from his apartment.

In her memorandum, Judge Jones stated that "the police, having probable cause to believe that a felony had been committed and that Bucholtz had committed it, the arrest was legal." She based her finding on the fact that "the police had information from his [Bucholtz'] friends and persons in a tavern he frequented and where he was arrested, which caused them to believe that he and his codefendant were trying to peddle items, including valuable jewelry, taken in a burglary * * *." Judge Jones then found that the search of the applicant's person which resulted in the finding of a rent receipt for rent paid on a Baltimore Street apartment was "a proper incident of the arrest." The Judge further stated that "his [applicant's] complete disclaimer of the Baltimore Street apartment certainly did not require the police to obtain his permission to search it, but they did obtain consent of the landlord by obtaining from him the key."

We think Judge Jones was right in her determination that the police officers had probable cause to arrest appellant for a felony (see *Price v. State,* 227 Md. 28, 33, and *Mulcahy v. State,* 221 Md. 413, 421, and cases cited therein (two of which point out that the justifying cause may arise out of information rendered to the arresting officer by informants)), and the subsequent incidental search of his person was legal. *Shorey v. State,* 227 Md. 385, 388. Inasmuch as the applicant denied owning or living in, or otherwise having any interest in, the apartment on Baltimore Street, Judge Jones was right in holding that the police could legally search it with the consent of the landlord, its owner, and without Bucholtz' consent. *Baum v.*

*State,* 163 Md. 153, 156-157; *Jones v. United States,* 362 U. S. 257; 79 C. J. S. *Searches and Seizures* Sec. 60.

The trial Judge says in her memorandum that "this Court is convinced beyond all reasonable doubt that the petitioner knew the nature and consequences of his plea and of his own accord the guilty plea was entered; that he did not instruct his counsel otherwise; nor did he complain to his counsel or to the court * * * as to the entry of the guilty plea." In any event, the fact that the search and seizure properly were found to be legal, deprives the applicant's claim that his counsel should have challenged the admissibility of the articles seized of all vitality and effectiveness.

As to Bucholtz' third ground, Judge Jones found that "there is no proof whatever the Petitioner was denied access to counsel, nor is this Court aware of any case here or elsewhere which requires the appointment of counsel by the State immediately upon arrest and *prior* to a preliminary hearing. *White v. Maryland,* 373 U. S. 59, does not so hold." We agree with the lower court's statement. See, in addition to *White, Prescoe v. State,* 231 Md. 486. Inasmuch as the evidence confiscated from applicant's apartment was legally taken, his contention that coming face to face with it caused his confession affords no meritorious basis for relief.

*Application denied.*