## HAYDEN *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 40, September Term, 1963.]

*Decided December 12, 1963.*

Before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

In his amended petition for post conviction relief from his imprisonment for armed robbery, the petitioner asserted: (1) that his home was forcibly entered and searched; (2) that the prosecuting witness failed to positively identify him; (3) that the *nolle prosequi* by the State of a count in the indictment was proof of innocence; and (4) that he had been denied a speedy trial. At the post conviction hearing, the petitioner further asserted (5) that he was indicted on hearsay evidence and (6) that

he was dissatisfied with the services of trial counsel for failure to object to hearsay evidence produced at the trial. In a letter addressed to Chief Judge Brune after the transcript of record had been filed in this Court, the applicant for leave to appeal stated that his "basic contention was, and still is, that the evidence used should have been inadmissible because the police acted on hearsay evidence to search my home without a warrant and neither was there a warrant for my arrest."

For the reasons stated by Judge Sodaro in the lower court, we agree that the applicant was not entitled to post conviction relief for any of the reasons stated in the second through the sixth contentions, but this may not be true with respect to the first contention, concerning the search of his home and arrest without a warrant which the applicant subsequently stated was his basic contention.

Instead of ascertaining whether in fact there had been an illegal search and seizure, and a consequent arrest without a warrant, the hearing judge summarily disposed of the matter by stating that the question should have been raised at the trial and was not a ground for post conviction relief. In so doing, he may have gone too far. See *Edwards v. Warden*, 232 Md. 667 and *Davis v. Warden*, 232 Md. 670. We think the question should first have been considered as one of fact rather than a question of law.

> *Leave to appeal granted and case remanded for further proceedings.*