## BOSTON *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 68, September Term, 1963.]

*Decided December 13, 1963.*

Before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

In his petition for post conviction relief from his imprison-

ment for burglary, the petitioner asserted twelve alleged errors in his trial which he contends entitle him to relief.

For the reasons stated by Chief Judge Manley in the lower court we agree that the applicant was not entitled to post conviction relief for any of the reasons asserted in the third, fourth, fifth, sixth, seventh, eighth, tenth and eleventh contentions and that part of the twelfth (concerning the involuntary character of his statement to the police) which was treated as a part of the third contention. While it appears that the lower court may have overlooked the ninth contention (insufficient proof to sustain indictment for burglary), it is clear that the question was one which under ordinary circumstances cannot be raised in a collateral proceeding. But because the lower court seems not to have fully considered the questions posed by the first and second contentions and the remaining part of the twelfth, leave to appeal must be granted. By these contentions, the petitioner claims (a) that his arrest without a warrant was illegal and (b) that the evidence obtained as the result of the allegedly illegal search of his home should have been suppressed. The lower court disposed of (a) by stating that the question could not be raised in a post conviction proceeding but it did not consider (b) at all. We think that (a) should have been, and that (b) should now be, considered as questions of fact before either is considered as a question of law. See *Hayden v. Warden*, 233 Md. 613.

> *Leave to appeal granted and case remanded for further proceedings on Points (a) and (b) only.*