## MYERS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 66, September Term, 1963.]

622

*Decided December 13, 1963.*

Before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

In his petition for post conviction relief, the applicant's contentions fell into the following categories: (1) applicant's constitutional rights (due process) were denied; (2) the investigating officers were negligent (failed to produce documents and records); (3) evidence was suppressed; (4) illegal search and seizure; (5) applicant's witnesses were not produced in court; (6) error in sentencing (sentenced to 20 years from April 19, 1962 when crime for which he was convicted allegedly took place on April 29, 1962); (7) incompetency of counsel because of his "failure to produce records, and individuals pertinent to his case"; (8) use of perjured testimony.

For the reasons stated by Judge Cullen in the lower court, the applicant was not entitled to post conviction relief for any of the reasons asserted in the first, second, third, fifth, sixth or eighth contentions.

As to the fourth contention, the hearing judge simply stated that a claim of illegal search and seizure affords no ground for relief in a post conviction proceeding. However, as pointed out by this Court in *Hayden v. Warden,* 233 Md. 613, this question should first have been considered as one of fact rather than as a question of law. In regard to the seventh contention, the hearing judge did not find, as a matter of fact, whether there

was evidence to support the claim of incompetency of counsel. Therefore the case will be remanded so that the lower court may determine these two questions as matters of fact.

> *Leave to appeal granted and case remanded for further proceedings as to Questions (4) and (7).*

[App. No. 68, September Term, 1963.]

*Decided December 13, 1963.*

Before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

