## SMITH v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 102, September Term, 1963.]

*Decided February 10, 1964.*

Before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HORNEY, J., delivered the opinion of the Court.

In this second application for leave to appeal from the denial of post conviction relief by the lower court, the petitioner stated four grounds of alleged error, all of which were denied by Judge Grady. Three of the contentions were properly denied because they should have been raised in the first petition. But, for the reason stated in *Davis v. Warden,* 232 Md. 670, it appears that the hearing judge, despite our denial of the same contention on the first application for leave to appeal in *Smith v. Warden,* 230 Md. 631, may have gone too far in holding that the fourth point—concerning the admissibility of evidence allegedly obtained as the result of an illegal search and seizure —could not be raised in a post conviction proceeding.

The record shows that the petitioner failed to challenge the

admissibility of a pistol at the original trial held on December 23, 1959, on the ground that it had been illegally seized by the police, or on any other ground. Nor did the petitioner raise a question as to the illegality of the seizure on the direct appeal decided in *Smith v. State*, 223 Md. 228, on September 21, 1960.

Since the decision in *Mapp v. Ohio*, 367 U. S. 643, decided June 19, 1961, may have some relevancy, see *Hall v. Warden*, 313 F. 2d 483 (C.A.4), *cert. den.*, 374 U. S. 809, and we have not yet decided a question as to whether *Mapp* should be retroactively applied in a case where the petitioner failed to raise an objection either at the original trial or on direct appeal, we shall therefore remand the application for further proceedings to the end that the lower court may determine whether the seizure was illegal.

*Application granted and case remanded for further proceedings.*