## HOWINGTON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 131, September Term, 1963.]

*Decided March 6, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY, MAR-
BURY and SYBERT, JJ.

HENDERSON, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post
conviction relief by Judge Foster, the petitioner, through court-
appointed counsel, filed an amended petition raising three con-
tentions: (1) that he was illegally arrested in his home without
a warrant; (2) that he was not afforded counsel, or any oppor-
tunity to obtain counsel, at a hearing in the Municipal Court

of Baltimore prior to his indictment and trial, and (3) that the State suppressed vital evidence by failing to produce a witness. At the hearing on the petition counsel for the petitioner informed the court that the petitioner was not pressing other points made in the original petition. This was confirmed by the petitioner when he took the stand.

The petitioner was tried and convicted after a non-jury trial before Judge Harris, on three indictments charging assault with intent to murder, assault, and malicious destruction of property valued at $500.00. On June 26, 1963, he was sentenced to one year for each offense, to run consecutively. He was represented by counsel of his own selection and took no appeal. The post conviction proceeding was instituted on November 27, 1963. On the question of illegal arrest Judge Foster held that point "had to be tested in the trial court," citing *Ralph v. Warden,* 230 Md. 616. It is not entirely clear whether his ruling was based upon the failure to appeal, the failure to object in the trial, or both. We have recently held that failure to object is fatal. *Titus v. Warden,* 233 Md. 618, and cases cited. Moreover, it is not contended that there was any search, or any evidence introduced as a result thereof, so that *Mapp v. Ohio,* 367 U.S. 643, is not in point. We have held that where a petitioner is held under a judgment of a court of competent jurisdiction, it is immaterial to inquire whether an earlier arrest was lawful or unlawful. *Palmer v. Warden,* 232 Md. 630, 631.

On the question of counsel at the hearing in the Municipal Court, it is conceded that the petitioner made no plea. It would appear, therefore, that the hearing was not a critical stage requiring counsel. *Arrington v. Warden,* 232 Md. 672. Cf. *Lumpkin v. Director,* 233 Md. 606. The accused did not ask for counsel and later employed counsel of his own selection. He simply prayed a jury trial, which ousted the jurisdiction of the Municipal Court. Code (1963 Supp.), Art. 26, sec. 111. As a matter of fact, that court had no jurisdiction to try a charge of assault with intent to murder, a felony under Code (1957), Art. 27, sec. 12. Cf. *Yantz v. Warden,* 210 Md. 343, 351. It was required by the express provisions of Art. 26, sec. 109-(c)(1) to refer all the cases to the Criminal Court of Balti-

more, although if there had been no charge of assault with intent to murder, the Municipal Court would have had jurisdiction of the other charges under secs. 109(a)(6) and 109(a)(45). Under the circumstances it seems clear that the Municipal Court's function was simply that of a committing magistrate holding a preliminary hearing to determine whether there was a *prima facie* case, as in *Arrington, supra*. Cf. Art. 26, secs. 111 and 115. The petitioner's argument that the hearing was a critical stage, because he made an election to be tried on the charge of assault with intent to murder when he might have been tried on the other two charges, will not withstand analysis, for it is based on a false premise.

On the question of suppression of evidence, it appears that the complaint, as found by Judge Foster, was that the State did not call as a witness a woman who was the subject of the altercation resulting in the acts charged, and who lived in an apartment over the bar where the altercation occurred. The name of this witness was not listed on the indictments, presumably because she was not an eyewitness, and there was no intimation that the State intended to call her, as indeed they did not. On the other hand, the petitioner admittedly knew her name and address and had full opportunity to call her, if he thought her testimony would be material or helpful. He did not seek a continuance when it became apparent that the State was not going to call the witness, even if we assume that the petitioner's statement, that the State's Attorney "said it was overlooked," is true. Hence we find no merit in the claim that evidence was suppressed, or that the petitioner was prejudiced by any State action. Cf. *Dyson v. Warden*, 233 Md. 630, 632-634.

*Application denied.*