## LEDBETTER *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 95, September Term, 1963.]

*Decided May 4, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

HENDERSON, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post conviction relief, the applicant raised some sixteen questions, all but two of which were adequately answered by Judge Foster in the court below. Ledbetter was tried and convicted in 1960, along with three other boys, of first degree murder in a yoking case. All were sentenced to life imprisonment. Ledbetter appealed to this Court and the judgment was affirmed. *Ledbetter v. State,* 224 Md. 271. The only points raised on appeal were the sufficiency of the evidence and inconsistency in the verdicts (he was acquitted of robbery). In the present proceeding he contends that his arrest and a search of his house were illegal, and that his confessions were involuntary.

Judge Foster dismissed these contentions with the statement that they cannot be raised in a post conviction proceeding. That is no longer true since the decision in *Mapp v. Ohio,* 367 U. S. 643 (1961), and later Supreme Court decisions. Some matters formerly treated as procedural, or mere rules of evidence, have now been elevated to the status of constitutional rights. See *Edwards v. Warden,* 232 Md. 667, 668, and *Davis v. Warden,* 232 Md. 670. The original trial in the instant case was before *Mapp.* But the record extract in the former appeal shows clearly that the present contentions are without merit, so we find it unnecessary to remand the case for further consideration by the court below. Cf. *Boston v. Warden,* 233 Md. 623, 624, and *Dyson v. Warden,* 233 Md. 630, 634, even if we assume that *Mapp* is retroactive.

The applicant concedes that nothing was taken from his house as a result of the alleged illegal search. Cf. *Young v. Warden,* 233 Md. 596, 599, and *Slater v. Warden,* 233 Md. 609, 611. The only tangible property offered in evidence was a ring be-

longing to the decedent recovered from one of the other boys. According to Ledbetter it was never in his possession. There is nothing to show affirmatively that the arrest of the applicant was illegal. One of the other boys, called Jerry, was identified and told still another boy (who testified at Ledbetter's trial) about the yoking. Presumably the police obtained the names of the other boys from Jerry. It may be inferred that the police had probable cause to arrest upon reliable information, and if they did, the arrest in a felony case was legal, even without a warrant. *Bucholtz v. Warden,* 233 Md. 614, 616. The applicant's only objection seems to be that there was no warrant.

But even if we assume, without deciding, that the arrest was illegal, that fact would not, in and of itself, vitiate the trial, *Piles v. State,* 233 Md. 487, 489; *Howington v. Warden,* 234 Md. 610, 197 A. 2d 918, 919, nor would it render the subsequent confession inadmissible, *Dailey v. State,* 234 Md. 325, and cases cited. That the confession was voluntary was not contested at the trial. The record extract shows that counsel for the accused expressly stated that he had no objection to the testimony of the two police officers who testified that Ledbetter freely told them, without threats or promises of any kind, that he had been in company with the other boys at the time of the assault and robbery, and knew of the plan whereby Jerry would hit the old man and the others rob him. He participated at least to the extent of dragging the victim back to the curb while the others were going through his pockets. There was also an express disclaimer of any objection to the introduction of a written confession by Ledbetter to participation in the yoking.

*Application denied.*