John Wesley HUNT, Appellant,

v.

WARDEN, MARYLAND PENITEN-TIARY, Appellee.

John Nathan BRISTOW, Jr., Appellant,

v.

Vernon L. PEPERSACK, Warden, Maryland State Penitentiary, Appellee.

James E. COX, Appellant,

v.

Vernon L. PEPERSACK, Warden, Maryland Penitentiary, State of Maryland, Appellee.

Nos. 9238, 9241, 9352.

United States Court of Appeals
Fourth Circuit.

Argued June 22, 1964.

Decided Aug. 3, 1964.

Ronald P. Sokol (Court-assigned counsel), Charlottesville, Va., for appellants.

Robert J. Martineau, Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Chief Judge:

This consolidated appeal by three Maryland prisoners presents serious questions arising out of the nature of federal habeas corpus, particularly the exhaustion doctrine now codified in 28 U.S.C.A. § 2254:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

### FACTUAL BACKGROUND

A. *James E. Cox*—In 1961, on the advice of court-appointed counsel, Cox pleaded guilty to the charge of armed robbery. The court imposed the maximum sentence of twenty years imprisonment, but Cox did not appeal the conviction. A year later he petitioned for relief under the Maryland Post Conviction Procedure Act. 27 Md.Code (1963 Cum. Supp.) § 645A et seq. As summarized by the Maryland court which heard the petition, Cox's contentions were as follows:

"1. That he was illegally arrested.

"2. That he was severely beaten by the police in order to obtain a confession.

"3. That his counsel * * * did not adequately represent him to wit:

"a. He conferred with counsel only a few minutes before the trial.

"b. Counsel pleaded him guilty without his consent.

"4. That [the trial judge] made no inquiry as to whether or not the defendant knew the consequences of a guilty plea.

"5. That the police officers encouraged a witness to identify him in a line-up.

"6. That he was interrogated for an extended period of time and denied his right to counsel."

The Maryland post conviction court appointed counsel and held a hearing but rejected on the merits only the allegation of ineffectiveness of counsel, noted in 3a above. The remainder of the allegations it held not reviewable under the Post Conviction Procedure Act. Cox sought leave to appeal but leave was denied.

Having fully exhausted his state remedies he then filed a petition for federal habeas corpus in the United States District Court for the District of Maryland. That court dismissed his petition without a hearing, taking the view that in the interest of comity Cox should be required to reapply for Maryland post conviction relief, because "these cases [Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)] and other recent decisions of the Supreme Court of the United States may cause the State courts of Maryland including the Court of Appeals of Maryland to review their previous holdings with respect to waiver and the scope of Uniform Post Conviction Procedure Act proceedings * * *." Cox v. Pepersack, Civil Action 14820, D.Md., July 8, 1963.

Cox accordingly returned to the state court with a second post conviction petition. This time counsel was not appointed nor was a hearing held. The petition was denied summarily, for the reason that it raised no grounds which were not presented in the first petition.[1] Cox did not appeal this ruling, but instead filed a second petition for federal habeas corpus. This was dismissed the same day without a hearing on the ground that by failing to appeal the denial of the second post conviction petition, Cox had deliberately by-passed state remedies, thereby foreclosing federal habeas corpus review.

B. *John Wesley Hunt*—In October, 1962, after pleading not guilty to a robbery charge, John Hunt was tried, convicted and sentenced to seven years imprisonment. He did not appeal the conviction directly but attacked it collaterally in a proceeding under the State Post Conviction Procedure Act. Hunt's allegations, as set forth in the opinion of the judge of the Criminal Court of Baltimore City, are as follows:

"1. That he was held 28 hours without right to contact family, friends or counsel, and thereby he was subjected to cruel and unusual punishment; that the arresting officer took him to the Eastern Police Station and tried to force him to admit to a name used as an alias; that when taken to a lineup he was in the same elevator as the victim who identified him;

"2. That his counsel was so inadequate as practically to amount to no representation at all; that he did not cross-examine or question the character of the 'co-defendant witness,' and did not properly prepare his defense;

"3. That he had no counsel to represent him at the preliminary hearing at the Eastern District; and that he was arraigned before [the trial judge] in the Criminal Court without counsel;

"4. That his arrest was illegal and that he was searched without a search warrant;

"5. That he did not get the benefit of the doubt of the evidence presented to [the trial judge], and that many of the absent witnesses were witnesses who would have testified on his behalf; that the incriminat-

1. 3 Md.Code (1963 Cum.Supp.), Art. 27, § 645H.
 "All grounds for relief claimed by a petitioner under this subtitle must be raised in his original or amended petition, and any grounds not so raised are waived unless the court finds in a subsequent petition grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. If the court finds there are no such grounds for relief, the court, after a response to the petition has been filed by the State, may forthwith dismiss the petition without a hearing or appointment of counsel."

ing statements of his co-defendants were false and perjured;

"6. That [the judge] said, after the trial, that she did not get as much cooperation out of the witnesses as she was hoping for." In the Matter of John Wesley Hunt, P.C. No. 628, Crim.Ct. of Baltimore, July 12, 1963.

While the post conviction court appointed a lawyer, no hearing was ordered. The court dismissed the petition, holding that allegations two, four and six were not supported by the transcript and that allegations one, three and five could not be considered under the Maryland Post Conviction Procedure Act. The court further held, on the inadequacy of representation point, that "[t]he mere assertion of ineptness of counsel in the absence of any allegation of fraud or collusion with the prosecuting official, or any objection raised in the trial court is not reviewable under the Act." No appeal was taken.

Hunt then filed a petition for federal habeas corpus in which he said that he did not appeal the denial of post conviction relief because "your petitioner is following the Supreme Court Ruling of March 18, 1963 whereas you can pass State Courts." The District Court, without conducting a hearing, dismissed the petition, holding that Hunt had deliberately by-passed his state remedies by failing to appeal the post conviction proceeding to the Court of Appeals of Maryland.

C. *John Nathan Bristow, Jr.*—After pleading not guilty Bristow was convicted by a jury of larceny and breaking and entering. He did not appeal, but did apply for state habeas corpus. After a hearing, relief was denied on the merits. No appeal was taken and none could be taken, for Maryland law makes no provision for appeals from denials of habeas corpus.

Later, Bristow petitioned for federal habeas corpus, but relief was denied on the ground that he had not exhausted his presently available state remedies, namely the avenue provided by the Post Conviction Procedure Act. The District Court dismissed the petition without prejudice to the filing of a future petition after the state remedies shall have been exhausted.

Throughout his collateral attack on the conviction Bristow has asserted only one contention—and this he has pressed persistently—that one of the jurors who heard his case was the father of the prosecution's key witness and that this fact was known to the prosecutor, the sheriff, and the clerk of the court before the jury was sworn. At no time has the state denied this allegation, but rests its defense solely on the failure to exhaust.

## EXHAUSTION OF STATE REMEDIES

Each of the three appellants takes the position that it was unnecessary for him to exhaust Maryland remedies before petitioning the federal court for the reason that the Maryland remedies are ineffective. On its face, the Maryland Post Conviction Procedure Act appears to provide a means for the adjudication of collateral challenges to convictions, which is as encompassing as federal habeas corpus.

"(a) Any person convicted of a crime and incarcerated under sentence of death or imprisonment * * who claims that the sentence or judgment was imposed in violation of the Constitution of the United States * * * or that the court * * * was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy, may institute a proceeding under this subtitle to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding

that the petitioner has taken to secure relief from his conviction." [Art. 27, § 645A]

The Attorney General, frankly recognizing that in the past the Maryland courts have interpreted the Act so restrictively that many assertions of constitutional rights could not be heard under it, nevertheless submits that the courts of that state are in a process of expanding the Act's coverage. He points out further that Townsend v. Sain, supra, and Fay v. Noia, supra,[2] have introduced new concepts and standards for the processing of petitions for collateral relief and that federal courts, in the interest of comity, should afford the state the opportunity to adjust its procedures to conform to these concepts and standards.

The fundamental assumption of Fay v. Noia is that district courts have the power to grant the writ of habeas corpus in all cases of unconstitutional detention. 372 U.S. 391, 398–399, 430–431, 83 S.Ct. 822, 9 L.Ed.2d 837.[3] Equally fundamental is the Court's statement of the rule that *"res judicata* is inapplicable in habeas proceedings." 372 U.S. at 423, 83 S.Ct. at 840. Cf. Darr v. Burford, 339 U.S. 200, 214, 70 S.Ct. 587, 94 L. Ed. 761 (1950); Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989 (1924); Frank v. Mangum, 237 U.S. 309, 334, 35 S.Ct. 582, 59 L.Ed. 969 (1915).

Notwithstanding the existence of power to grant habeas corpus, Ex parte Royall, 117 U.S. 241, 253, 6 S.Ct. 734, 29 L.Ed. 868 (1886), the Supreme Court has consistently instructed lower federal courts to defer ruling on the merits of state petitions until after the state reme-

dies have been exhausted. But it has been emphasized that the rule of exhaustion, now codified in 18 U.S.C.A. § 2254, "is not one defining power but one which relates to the appropriate exercise of power." Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939). The rationale of the rule was expressed in Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587 (1950), and repeated in Fay v. Noia, 372 U.S. at 419–420, 83 S.Ct. at 838, 839: "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *." Rooted in considerations of comity, it is "a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." 372 U.S. at 420, 83 S.Ct. at 838, 839.[4]

 In sum, exhaustion is a doctrine of comity; not a definition of power. Where, however, the state machinery for the enforcement of constitutional rights is either non-existent or ineffective, resort to state courts is not necessary.[5] Of course, orderly and reasonable state procedures should be exhausted before an applicant's petition will be entertained in a federal court. But the corollary to this proposition is that when the state's procedural machinery is rendered ineffective by overly sophisticated technicalities and self-imposed limitations, the federal court should not

2. Becker, "Collateral Post-Conviction Review of State and Federal Criminal Judgments on Habeas Corpus and on Section 2255 Motions—View of a District Judge," 33 F.R.D. 452 (1963).

3. Note, "Federal Habeas Corpus for State Prisoners: The Isolation Principle." 39 N.Y.U.L.Rev. 78, 79 (1964).

4. See also Sims v. Smyth, 282 F.2d 814 (4th Cir. 1960). Reitz, "Federal Habeas Corpus: Impact of an Abortive State Proceeding," 74 Harv.L.Rev. 1315,

1364 (1961) ("The principle underlying the requirement is that, if the doors of the state courts and the federal courts are both currently open, a state prisoner ought to try the state door first.")

5. Section 2254 provides that exhaustion *is not necessary* where "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

feel compelled to abstain. "Compulsory comity" [6] has no true role in the delicate process of maintaining, wherever possible, a proper deference for state tribunals. "The concept of federalism: i. e., federal respect for state institutions, will not be permitted to shield an invasion of the citizen's constitutional rights." Jordan v. Hutcheson, 323 F.2d 597, 601 (4th Cir. 1963). As the Supreme Court has so recently admonished,

> "Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding." Bartone v. United States, 375 U.S. 52, 54, 84 S. Ct. 21, 11 L.Ed.2d 11 (1963.) [7]

■ For purposes of this appeal, we accept, as we are in duty bound, the truth of the factual allegations made in the three petitions. Turner v. Maryland, 303 F.2d 507 (4th Cir. 1962). It is clear that each raises constitutional questions of substance which call for adjudication on the merits. Counsel appointed by this court to present the case for the petitioners argues that the Maryland courts in numerous opinions have clearly demonstrated that many of these questions, to which federal courts are fully empowered to provide answers, will not be considered on the merits by the Maryland courts and that in these circumstances it would be unreasonable, even punitive, to direct petitioners once more to the state courts for relief.

An examination of the Maryland cases indeed discloses that until recently many constitutional challenges could be made only on direct appeal and not collaterally. Included among these were sufficiency of the evidence,[8] defective indictment,[9] guilty plea erroneously entered or wrongfully induced,[10] ineffective assistance of counsel,[11] prejudice of the trial court,[12] admission of illegally seized evidence,[13] and even coerced confession.[14] See Merrill, "Federal Habeas Corpus and Maryland Post-Conviction Remedies," 24 Md. L.Rev. 46 (1964), for a recent comprehensive survey of the Maryland law on post conviction remedies.

There are, however, indications that Maryland's highest court is in the process of altering its view of the scope of the Post Conviction Procedure Act. This course of change is manifest in its recent opinions.

In Franklin v. Warden, 235 Md. 619, 201 A.2d 16 (1964), the Court of Appeals of Maryland reached the merits of a petition under the Post Conviction Procedure Act notwithstanding that the petitioner had failed to prosecute a direct appeal from his conviction. The court grounded its order of a new trial on the fact that counsel had been appointed only ten minutes before trial and the presiding judge had denied a continuance

---

6. Note, supra, n. 3.

7. See also, Ryan v. Tinsley, 316 F.2d 430 (10th Cir. 1963); United States ex rel. Brown v. Smith, 200 F.Supp. 885, 928 (D.Vt.1962), reversed on other grounds, 306 F.2d 596 (2d Cir. 1962), cert. denied sub nom., Brown v. Smith, 372 U.S. 959, 83 S.Ct. 1012, 10 L.Ed.2d 11 (1963); Garton v. Tinsley, 171 F.Supp. 387 (D. Colo.1959).

8. Price v. Warden, 220 Md. 643, 151 A.2d 166 (1959), cert. denied, 361 U.S. 848, 80 S.Ct. 105, 4 L.Ed.2d 87 (1959); Barbee v. Warden, 220 Md. 647, 650, 151 A.2d 167 (1959).

9. Wilson v. Warden, 222 Md. 580, 158 A. 2d 103 (1960), cert. denied, 364 U.S. 841, 81 S.Ct. 79, 5 L.Ed.2d 65 (1961).

10. Person v. Warden, 217 Md. 650, 651, 141 A.2d 743, cert. denied, 358 U.S. 853, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958).

11. Scott v. Warden, 222 Md. 596, 158 A.2d 761 (1960).

12. Fisher v. Warden, 230 Md. 612, 185 A. 2d 198 (1962); Price v. Warden, 220 Md. 643, 151 A.2d 166 (1959).

13. Ralph v. State, 226 Md. 480, 174 A. 2d 163 (1961), cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 613 (1962).

14. Cheeseboro v. Warden, 224 Md. 660, 168 A.2d 181, cert. denied, 368 U.S. 846, 82 S.Ct. 74, 7 L.Ed.2d 43 (1961).

which the defense lawyer requested in order to check alibi witnesses.[15]

While deciding against the petitioner's claim on the merits in Ledbetter v. Warden, 234 Md. 643, 200 A.2d 81 (1964), the Court of Appeals of Maryland made it plain that issues of search and seizure and involuntary confession are now cognizable in PCPA actions. The court pointedly added that "since the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and later Supreme Court decisions * * * [s]ome matters formerly treated as procedural, or mere rules of evidence, have now been elevated to the status of constitutional rights." And in Klein v. Warden, 233 Md. 603, 195 A.2d 608 (1963), the court remanded the proceeding for consideration of a claim that no counsel was appointed at the trial of the petitioner. Similarly, in Myers v. Director, 233 Md. 621, 195 A.2d 716 (1963), a hearing was ordered on the petitioner's complaint that court-appointed counsel was incompetent because of a "failure to produce records, and individuals pertinent to his case." Hearings were also ordered in a number of cases of assertedly illegal searches and seizures. Davis v. Warden, 232 Md. 670, 195 A.2d 37 (1963); Edwards v. Warden, 232 Md. 667, 195 A.2d 40 (1963); Myers v. Director, 233 Md. 621, 195 A.2d 716 (1963); Boston v. Warden, 233 Md. 623, 195 A.2d 726 (1963); Gans v. Warden, 233 Md. 626, 196 A.2d 632 (1964). Significantly, in Davis, supra, 232 Md. at 671, 195 A.2d at 37, the court noted:

".'The first contention was that the petitioner was convicted on evidence obtained as a result of an illegal search and seizure, and Judge Sodaro stated that the objection could not be raised in a post conviction proceeding. That statement would appear to be too broad in the light of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, because a claim of a violation of procedural due process

would seem to be open under Code (1963 Supp.), Art. 27, sec. 645A(a)."

These holdings evince a disposition to give new vitality to the explicit provisions of the Maryland Post Conviction Procedure Act for the vindication of all constitutional claims. They reflect an inclination on the part of the Court of Appeals to insist upon evidentiary hearings for the adequate resolution of issues of fact, and to meet on the merits many questions previously avoided on procedural grounds. When fully implemented by the lower state courts, it is hoped that the teachings of these opinions of the Court of Appeals of Maryland will alleviate much of the wasteful proliferation that presently burdens both the state and federal courts, as exemplified by the appeals of Cox, Hunt and Bristow.

■ We, therefore, reject the petitioners' contention that Maryland remedies are futile, for however well founded such a contention may have been before the spate of Supreme Court decisions broadly interpreting the constitutional rights of persons prosecuted for crime, the Court of Appeals of Maryland has not shown an unwillingness to comply with the Supreme Court's rulings.

In Midgett v. Warden, 329 F.2d 185 (4th Cir. 1964), this court remitted a Maryland petitioner to the Maryland courts to exhaust his remedies there, notwithstanding earlier Maryland decisions indicating the non-availability of state relief. What we said there applies equally here.

"The district court, however, seems to be of the impression that Maryland is in the process of modifying its procedure on PCPA petitions. Under these circumstances, we are not prepared to hold that the court abused its discretion in abstaining until petitioner could seek a review in the state courts of his newly ad-

15. Cf. Berman v. Warden, 232 Md. 642, 193 A.2d 551 (1963); Ralph v. Warden, 230 Md. 616, 620, 185 A.2d 366, 368 (1962). Comparison of these holdings

with the very recent Franklin decision shows the trend to broaden the scope of PCPA relief.

vanced grounds for contending that his confession was coerced."

Turning again to the cases immediately before us, we agree that the District Court was correct in refusing at this time to determine the merits of the appellants' petitions. While it is true that appellant Cox has once fully exhausted his state remedies and this would ordinarily entitle him to a federal court's immediate consideration of his claims,[16] the Court of Appeals of Maryland should have the opportunity to reconsider his petition in light of the recent Supreme Court decisions. Donnell v. Nash, 323 F.2d 850 (8th Cir. 1963).[17] Appellant Bristow sought collateral relief by way of state habeas corpus which was denied, and it is true that no appeal is available in a proceeding of this character. But Bristow is entitled to apply for relief under the Maryland PCPA which does provide for an appeal. Sansbury v. Pepersack, 274 F.2d 40 (4th Cir. 1960). The District Court was correct in holding that in the existing circumstances Bristow's petition should be denied "without prejudice to [his] right to file another petition after he has exhausted his available State remedies if he does not obtain relief therein." Bristow v. Pepersack, Civil No. 14773, D.Md., Oct. 15, 1963.

### "DELIBERATE BY-PASS"

While Fay v. Noia held "that § 2254 is limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court," 372 U.S. at 435, 83 S.Ct. at 847, 9 L.Ed.2d 837, the Court recognized "a limitation whereby the federal judge has the discretion to deny relief to one who has deliberately sought to subvert or evade the orderly adjudication of his federal defenses in the state courts." 372 U.S. at 433, 83

S.Ct. at 846. The Court cautioned however:

"But we wish to make very clear that this grant of discretion is not to be interpreted as a permission to introduce legal fictions into federal habeas corpus. The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461—'an intentional relinquishment or abandonment of a known right or privilege'— furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. Cf. Price v. Johnston, 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356. At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner. Cf. Carnley v. Cochran, 369 U.S. 506, 513–517, 82 S.Ct. 884, 888–891, 8 L.Ed.2d 70; Moore v. Michigan, 355 U.S. 155, 162–165, 78 S.Ct. 191, 195–197, 2 L. Ed.2d 167. A choice made by counsel not participated in by the petitioner does not automatically bar relief. Nor does a state court's finding of waiver bar independent determination of the question by the federal courts on habeas, for waiver

---

16. Thomas v. Cunningham, 335 F.2d 67 (4th Cir. 1964); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

17. Cf. Otten v. Warden, Baltimore City Jail, 216 F.Supp. 289 (D.Md.1963), aff'd, Unpublished Memorandum Order, 4th Cir., May 2, 1963; Young v. Pepersack, 213 F.Supp. 854 (D.Md.1963).

affecting federal rights is a federal question." 372 U.S. at 439, 83 S.Ct. at 849.

The District Court ruled that both Cox and Hunt deliberately by-passed state remedies by failing to appeal denials of petitions for PCPA relief.

As noted above, Cox had fully exhausted his state remedies before coming to the federal courts for the first time. Obedient to the direction of the District Court, he returned to the state courts and filed a second PCPA petition which was summarily dismissed because it raised the same grounds as were alleged in the first petition. The District Court wanted Cox to appeal that denial so that the Court of Appeals of Maryland might have an opportunity to reconsider its earlier ruling that PCPA relief was not available, and because Cox did not appeal the District Court held that he had deliberately by-passed state remedies.

We appreciate the frustration felt by the District Court when Cox returned without having carried out its direction to present his contention to the Maryland courts, including the Court of Appeals. By failing to press an appeal to the Maryland Court of Appeals Cox has not put himself in a position to be heard by the District Court, but this failure ought not be treated as a "deliberate by-pass" forever barring a federal court from considering his case after he shall have fully carried out the District Court's original direction. Fay v. Noia is a prime illustration that waiver of constitutional rights will not readily be found. It bears emphasizing that Cox had earlier complied with both the letter and the spirit of section 2254, and he was told to present his case a second time to the state courts only because it was thought he might now be afforded a remedy there. While the District Judge conscientiously endeavored to make himself clear to Cox, a layman, when the latter was again disappointed in the lower state court, he not unnaturally concluded that a second appeal would be useless and a waste of time. This belief, though mistaken, was not, from his point of view, unreasonable.

■ It should be remembered also that when Cox returned to the state court for the second PCPA petition he was not given the assistance of counsel. No one was on hand to advise him of the consequences of a failure to appeal. Under these circumstances it would be unduly harsh to say that failure to exhaust state remedies a second time constituted a deliberate attempt to "subvert or evade the orderly adjudication of his federal defenses in the state courts." Fay v. Noia, 372 U.S. 391, 433, 83 S.Ct. 822, 846, 9 L.Ed.2d 837 (1963). Accordingly, the order of the District Court dismissing Cox's petition is affirmed, but modified to the extent that the dismissal is without prejudice.

The third appellant, Hunt, did not appeal to the Court of Appeals of Maryland from the denial of PCPA relief. The District Court, without holding a hearing, considered this a deliberate by-pass of state remedies, influenced by Hunt's statement that "your petitioner is following the Supreme Court Ruling of March 18, 1963 whereas you can pass State Courts." This rather naive statement by itself is not a sufficient basis for saying that Hunt "understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts." 372 U.S. at 439, 83 S.Ct. at 849. No one who understood the meaning of these words would so characterize his own failure to appeal. Hunt's decision to forego appeal does not appear to have been made after consultation with competent counsel. If anything, his remarks disclose an ignorant man's complete misunderstanding of Fay v. Noia. If this is so, surely he has not "deliberately by-passed." A layman, particularly, cannot be said to have waived his rights when acting under a misapprehension as to what those rights are. Moreover, as noted above in discussing Cox's case, the Maryland decisions in force at the time would have justified Hunt, then without counsel, in believing that he had no effective Maryland remedy.

The inferences we have suggested from Hunt's failure to appeal indicate that there has been no intentional and understanding by-pass. We affirm the order of dismissal, which shall be without prejudice to the filing of another petition after he has exhausted all of his state remedies.

As to Bristow, affirmed; as to Cox and Hunt, affirmed as modified.