## HUNT v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 128, September Term, 1964.]

*Decided August 5, 1965.*

Before Prescott, C. J., and Horney, Marbury, Sybert, Oppenheimer and Barnes, JJ.

Prescott, C. J., delivered the opinion of the Court.

This application for leave to appeal has some unusual aspects. Applicant was convicted of robbery in the Criminal Court of Baltimore on October 23, 1962. He took no direct appeal. His first Post Conviction petition was filed on May 16, 1963. A hearing thereon was held before Judge Sodaro on July 10, 1963. Judge Sodaro denied the petition by order on July 12, 1963; he filed an opinion covering the questions raised. No application for leave to appeal was filed.

Applicant then sought a Writ of Habeas Corpus in the Federal District Court, but that Court dismissed his petition on the ground that he had failed to complete his state remedies by making application to appeal the Post Conviction proceeding. On August 3, 1964, the Fourth Circuit Court of Appeals ruled on the case, determining that petitioner, because of his ignorance, had not deliberately by-passed state remedies and that adequate relief was still available to petitioner in the state courts. *Hunt v. Warden*, 335 F. 2d 936. Applicant then filed a second petition under the Post Conviction Procedure Act on September 29, 1964. On December 16, 1964, Judge Cardin denied relief, without a hearing, on the grounds that his contentions had been fully dealt with by Judge Sodaro on his original petition and if there were any contentions raised in his second petition that could have been, but were not, raised in his first, they need not be considered by him.

The contentions raised by applicant are couched in rather general terms and all of his contentions not raising constitutional rights have been fully and adequately dealt with and de-

cided against the applicant. The Fourth Circuit, when dealing with this case, stated that the petition presented serious constitutional questions and further said "for purposes of this appeal, we accept, as we are in duty bound, the truth of the factual allegations made in the three petitions."

Although contrary to some of our previous holdings, in order to cooperate with the Federal Courts and to promote comity between the Federal and State Courts we deem it desirable to grant the application for leave to appeal, and remand the case for an evidentiary hearing and express findings of fact on any and all constitutional questions which applicant has raised, or might desire to raise by amended petition, and on those questions only.

*Application for leave to appeal granted and case remanded for further proceedings in accordance with this opinion.*